BLUE, Chief Judge.
D.P. appeals a written order that denied all contact with her biological children. D.P. is the natural mother of two children and voluntarily surrendered her parental rights to them. She argues, and the Department concedes, that the trial court granted her written communication with the children but failed to reduce this ruling to a written order. Section 39.811(7)(b), Florida Statutes (2001), allows a trial court, in its discretion, to permit continued communication or contact after the termination of parental rights when it is in the child’s best interests. If continued communication or contact is ordered by the court, the nature and frequency must be set forth in a written order. § 39.811(7)(b). Because the trial court failed to adequately address its ruling in a written order, we reverse. See M.W. v. Dep’t of Children & Families (In re Interest of D.W.), 763 So.2d 497 (Fla. 2d DCA 2000).
Reversed and remanded.
GREEN and KELLY, JJ., Concur.